

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent-Plaintiff | §<br>§<br>§ | |
| vs. | § | CA B-04-149 |
| ADELINA ANITA ORDONEZ,<br>Petitioner-Defendant<br>( CR B-02-563) | §<br>§<br>§<br>§ | |

## GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

The Court ordered the Government to respond to Petitioner's, Adelina Anita Ordonez' (hereinafter referred to as Ordonez) 28 U.S.C. §2255 motion filed on August 19, 2004, by October 28, 2004. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On October 8, 2002, Ordonez was indicted in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute a quantity exceeding 50 kilos, that is approximately 74.5 kilos of marihuana, in violation Title 21 U.S.C. §§846, 841(a)(1) & 841(b)(1)(C) and with possession with intent to distribute a quantity exceeding 50 kilos, that is approximately 74.5 kilos of marihuana, in violation Title 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) (PSR 1-3[1]). Although the indictment was superceded on December 16, 2002, by the addition

---

[1] The version of PSR cited is that of December 16, 2003.

of an additional co-defendant, the original charges against Ordonez remained unchanged (DOC[2]. 46). She pled guilty to the conspiracy count on February 7, 2003, before the Honorable Judge Andrew S. Hanen (DOC. 74; PSR 6). The statutory maximum for this offense was twenty (20) years.

On April 22, 2003, Ordonez obtained a continuance of her first scheduled sentencing hearing until June 18, 2003 (DOC. 89). On June 18, 2003, Ordonez failed to appear for sentencing (DOC. 105). On July 1, 2003, Ordonez was indicted for Failure to Appear in B-03-535.

The probation department scored the instant offense at base offense level 26 on the basis of a relevant conduct finding of 149 kilos of marihuana, recommended that she receive a three-level role adjustment for manager under U.S.S.G. §3B1.1, and a two level adjustment for obstruction of justice as a result of her failure to appear, for a total offense level score of thirty-one (31) (PSR 32-37). Her criminal history placed her in criminal history category II (PSR 45).

Ordonez objected to the relevant conduct findings of the PSR (PSR Add.). Ordonez also objected that the PSR did not credit her with a minor role adjustment (PSR Add.). Ordonez also contested the PSR's assessment of criminal history, arguing it resulted from a case of mistaken identity (PSR Add.).

Ordonez was arrested in Chicago on September 8, 2003 on a bench warrant. After several continuances, Ordonez was ultimately sentenced on February 20,

---

[2] DOC refers to the docket number of the original criminal case file.

2004 (DOC. 130). On the basis of her failure to appear, Ordonez lost her credit for acceptance of responsibility and additionally received an upward adjustment for obstruction of justice. The district court overruled her objection as to minor role but granted her objection as to criminal history lowering her criminal history category to I. Ordonez finally scored at Guideline level 31 for a range of 108-135 months imprisonment. The district court sentenced her at the bottom of the Guideline level she scored, or 108 months imprisonment, a three year term of supervised release and a $100 assessment (DOC. 130). The judgment was entered March 22, 2004 (DOC. 131).

Ordonez did not pursue a direct appeal. On August 19, 2004, Ordonez filed her instant motion pursuant to 28 U.S.C. §2255 (1 R. 1).

III.

The instant pleading is timely. On April 24, 1996, a one-year period of limitation was placed upon the filing of motions under §2255. The one-year period runs from the date the judgment of conviction becomes final. Ordonez' had until April 1, 2005 (one year plus the ten[10] days after her judgment was entered, with the expiration of the period for filing notice of appeal) to file this motion.

IV.

The Government denies each and every allegation of fact made by Ordonez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Ordonez alleges her constitutional rights were violated in four regards:

a. Ordonez complains the district court was without subject-matter, personal or "venue jurisdiction".

b. Ordonez also complains she is innocent.

c. Ordonez also claims that, if she did commit the offense, her actions represent "aberrant behavior".

d. Ordonez complains her conviction violates *Blakely v. Washington*.

e. Her trial counsel was ineffective by failing to fully inform her regarding the pre-sentence investigation or the findings contained within the PSR.

VI.

ORDONEZ' BURDEN

Ordonez' ineffective assistance claim is cognizable in a §2255 proceeding without regard to her failure to raise it on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509, 123 S.Ct. 1690, 1696 (2003)(failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255).

For her remaining claims, her first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard). Ordonez must first show cause that would excuse her failure to raise this claim on direct appeal and actual prejudice from the error that she now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as she offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for her procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim she now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1)

interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* Ordonez proffers no "cause" for her failure to bring the instant allegations on direct appeal.

Ordonez alleges that she suffered "prejudice" as a result, in that she suffered a conviction by a court without subject-matter, personal or "venue jurisdiction", that her conviction violated *Blakely v. Washington*, and inferentially that she was prejudiced by ineffective assistance at sentencing.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that she did not commit the crime of conviction. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider her claim will result in her continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Ordonez asserts she is innocent, but proffers no evidence in support of this claim. The government is allowed to present any admissible evidence of petitioner's guilt even if that evidence was not presented during the petitioner's plea colloquy. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Here, the PSR, which

6

was adopted by the district court, outlines abundant evidence of Ordonez' guilt for the offense for which she plead guilty. Her bare assertion of innocence in the face of such record is unavailing. The PSR even documents Ordonez' played a management role in the commission of the offense (PSR 11-22). She, therefore, fails the "prejudice" prong of her "cause and prejudice" burden.

A.   INEFFECTIVE ASSISTANCE OF COUNSEL

   1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that her counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples*, 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Ordonez must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for'

7

such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Ordonez fails in both regards.

To prevail on her claims, Ordonez must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

    a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm

of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Ordonez must demonstrate that, but for counsel's errors, she would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

### b. Sentencing errors

In the context of sentencing errors, the petitioner must show that she was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Ordonez demonstrates that her counsel provided constitutionally infirm representation, Ordonez must also demonstrate prejudice. Although Ordonez need not demonstrate that, absent the error, her sentence would have been "significantly less harsh", she must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

9

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

B.  **ORDONEZ' INEFFECTIVE ASSISTANCE CLAIMS**

Ordonez's "ineffective assistance" claim is premised on an unsupported or incorrect factual assertion.

   1.  **Failure to fully inform her regarding the pre-sentence investigation or the findings contained within the PSR.**

Ordonez alleges "ineffective assistance" in her trial counsel failure to fully inform her regarding the pre-sentence investigation or the findings contained within the PSR. Counsel has refuted Ordonez' claims within the attached affidavit (Attachment A). The fact counsel filed objections to the PSR; one of which was granted further belies Ordonez' factual claims.

Even if Ordonez was correct in her subject factual assertions, Ordonez bears the burden of establishing that the particular lapse was prejudicial, meaning that there is a reasonable probability that but for the error the ultimate result would

10

have been different. *McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). Ordonez fails to carry this burden.

As the premises upon which Ordonez's instant complaint is based has no legal or factual support, Ordonez' counsel's performance can not be shown to be deficient under *Strickland*.

VII.

SUBSTANTIVE CLAIMS

A. <u>Ordonez complains she was improperly denied a reduction in sentence on the basis of abberant behavior.</u>

Denial of a downward departure represents an application of the sentencing Guidelines and does not rise to the level of a deprivation of a constitutional right. Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam); *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir.1989); *United States v. Smith*, 844 F.2d 203, 205-06 (5th Cir.1988). Ordonez' challenge to a district court's failure to grant a downward departure is outside these parameters. A challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding. Such questions are capable of being raised on direct appeal and, further, do not implicate any constitutional issues. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994). Similarly, challenges to a sentencing court's factual

findings on the basis of which the court makes sentencing adjustments may not be raised in a § 2255 proceeding if they could have been raised on direct appeal. See *United States v. Perez*, 952 F.2d 908, 909-10 (5th Cir.1992).

Even if this issue could be raised at this stage, Ordonez fails to demonstrate she was eligible for the departure. Her management role belies the claim that her actions represented a single aberration in an otherwise law-abiding life.

B.  <u>Ordonez' conviction runs afoul of *Blakely v. Washington*.</u>

*Blakely* is not cognizable on collateral review. The Supreme Court has not expressly held that the rule announced in *Blakely* is applicable to the Federal Sentencing Guidelines, nor has it held that the rule is retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion. See *Simpson v. United States*, 376 F.3d 679, 681 (7th Cir.2004) (in dismissing motion for authorization, appellate court held that "[t]he Supreme Court has not made the *Blakely* rule applicable to cases on collateral review as is required for authorization under § 2244(b)(2)(A) and § 2255 ¶ 8(2)"); *In Re Dean*, 375 F.3d 1287, 1290 (11thCir.2004) (in denying motion for authorization, appellate court held that "[r]egardless of whether *Blakely* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Blakely* to be retroactive to cases on collateral review").

C.  <u>The district court was without subject-matter, personal and "venue jurisdiction."</u>

Ordonez claims the district court was without jurisdiction or venue to adjudicate the government's charges. Asserting that she is not a Native American nor domiciled in the District of Columbia, and that her charged conduct did not "interfere with interstate commerce", Ordonez concludes, the district court was deprived of jurisdiction over the charged conduct.

Ordonez infers that the federal government is without jurisdiction to criminalize her conduct because the federal government lacks a general police power. Accordingly, the federal government's power to regulate private conduct is largely limited to activities that occur on federal property. Ordonez' tenet is correct that the federal government lacks a general police power, but her argument misperceives the Commerce Clause, which permits Congress to punish the drug offenses charged here on the ground that they affect interstate commerce, even without proving that the particular acts at issue affected interstate commerce. *United States v. Brown*, 2004 WL 243491, **6-7 (5th Cir.(La.)). See, e.g., *United States v. Lopez*, 459 F.2d 949, 950-53 (5th Cir.1972) (holding that 21 U.S.C. §§ 841 and 846 are constitutional). The Supreme Court's recent federalism decisions have not changed this result. See *United States v. Brown*, 276 F.3d 211, 214-15 (6th Cir.2002); *United States v. Kallestad*, 236 F.3d 225, 230 & n. 29 (5th Cir.2000).

Ordonez also argues that the district court was without subject-matter jurisdiction over the case, but this argument is likewise without merit. The court

13

had jurisdiction by virtue of 18 U.S.C. § 3231, which confers jurisdiction over "all offenses against the laws of the United States." The indictment charged Ordonez with such criminal offenses. The underlying drug statutes do not include elements that require the government to prove jurisdictional facts, such as a connection with interstate commerce. *United States v. Brown*, 2004 WL 243491, **6-7 (5th Cir.(La.)).

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Ordonez' §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_/s/ Mark Dowd_

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Adelina Anita Ordonez, No. 18189-079, FCI -Danbury, 331/2 Pembroke Station, Danbury, Connecticut, 06811-3099 on this the 26th day of October, 2004.

MARK M. DOWD
Assistant U.S. Attorney