IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

NOV 15 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ADELINA ANITA ORDONEZ,<br>  Petitioner, | § § § | |
| vs. | § | CIVIL ACTION B-04-149 |
| UNITED STATES OF AMERICA,<br>  Respondent. | § § § § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

On August 19, 2004, Petitioner, Adelina Anita Ordonez (hereinafter "Ordonez"), filed a Petition pursuant to 28 U.S.C §2255. (Docket No. 1[1]). The Government has filed an Answer to Petitioner's Complaint (Docket No. 3), along with a Motion to Dismiss. (Docket No. 4). Upon consideration of the §2255 Motion, the Magistrate Judge recommends to the District Judge that the Government's Motion be **GRANTED**, and Ordonez's §2255 Motion be **DISMISSED**.

### II. BACKGROUND

On October 28, 2002, Ordonez was charged by indictment in the Southern District of Texas, Brownsville Division, with conspiracy to possess with intent to distribute approximately 74.5 kilos of marijuana, in violation of 21 U.S.C. §841(a)(1) & (b)(1)(C).[2] She pleaded guilty on February 7, 2003, but failed to appear for sentencing which was scheduled for June 18, 2003.

---

[1] Docket No. refers to the Civil Docket.

[2] The relevant portion of 21 U.S.C §841 provides as follows:
  (a) [I]t shall be unlawful for any person knowingly or intentionally–
    (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

1

She was later apprehended in Chicago, Illinois, and returned to Brownsville, Texas for sentencing. (Criminal Docket No. 115).

A probation officer prepared a Pre-Sentence Investigation Report (hereinafter "PSI") to assist the judge in determining the appropriate sentence. The PSI held the base offense level was 26. The PSI further recommended a 3 level role adjustment for being a manager of the conspiracy under U.S.S.G §3B1.1, and a 2 level enhancement for obstruction of justice for failure to appear. The resulting offense level totaled 31, combined with her criminal history category of II.

Ordonez objected to the PSI on two grounds. First, Ordonez argued that the PSI did not credit her with a minor role adjustment. The court overruled this objection. Her second objection complained that the PSI's assessment of criminal history was the result of mistaken identity. The court sustained this objection which changed her criminal history of I. This placed her at the Guideline level of 31, criminal history I, which carried a range of 108-135 months imprisonment.

The court sentenced her at the lower end of the Guideline level to a term of 108 months, followed by a 3 year supervised release term, and a $100 special assessment on February 20, 2004. (Criminal Docket No. 130). No direct appeal was filed. Ordonez filed this timely §2255 motion on August 19, 2004. (Docket No. 1).

### III. **ORDONEZ'S §2255 MOTION**

Ordonez claims she is entitled to §2255 relief on four grounds. She argues that (1) her counsel rendered ineffective assistance; (2) the court's denial of a downward departure; (3) her conviction violates *Blakely v. Washington*, —U.S.—, 124 S.Ct. 2531, —L.Ed.2d— (2004); (4) the

2

district court is without jurisdiction. With regard to Ordonez's ineffective assistance of counsel claim, she asserts that her attorney failed to inform her regarding the PSI or the findings contained within the PSI.

## IV. SCOPE OF RELIEF AVAILABLE UNDER § 2255

Following a conviction and exhaustion or waiver of the right to direct appeal, it is presumed that a defendant stands fairly and finally convicted. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165-68 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under §2255. *Frady*, 456 U.S. at 165. Review of convictions under §2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *Id.* A defendant must show cause for the failure to raise the error and actual prejudice resulting from the asserted error. *Id.* at 167-68.

*Ordonez did not raise the issues herein on direct appeal.*

A defendant cannot raise an issue for the first time on collateral review without showing both "cause for [her] procedural default, and actual prejudice resulting from the error." *Shaid*, 937 F.2d at 232. Ordonez has failed to articulate any cause or actual prejudice in relation to her failure to raise the issues on direct appeal. She is therefore procedurally barred from presenting the issues in a habeas case. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (holding that issues may not be raised for the first time on collateral review without a showing of cause and prejudice). Moreover, she has not alleged any constitutional error that would result in a complete

miscarriage of justice. *See* e.g., *Bousley v. United States*, 523 U.S. 614, 626 (1998) (a complete miscarriage of justice arises if the defendant is actually innocent of the crime for which he was convicted); *United States v. Sorrells*, 145 F.3d 744, 749 n.3 (5th Cir. 1998) (the "actually innocent" standard is the same as the "fundamental miscarriage of justice" standard).

The Court will address Ordonez's claims notwithstanding the fact that she has procedurally defaulted on the issues.

## V. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

In order to determine if a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, the defendant must prove that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectively unreasonable. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Moreover, in order to establish prejudice, Ordonez must show that there is at least a reasonable probability that but for counsel's ineffective performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687; *Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002). When assessing an attorney's deficient performance, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Willis*, 273 F.3d at 598 (quoting *Strickland*, 466 U.S. at 689).

#### *Failure to inform Ordonez of the PSI findings Claim*

Ordonez's ineffective assistance of counsel claim relates to her contention that her attorney failed to inform her to the findings with respect to the PSI. Ordonez claims she did not receive any paper work from her attorney. (Hab. Pet. at 1, ¶ 1). This is false. There is no question that Ordonez

received documents with respect to her case. She made requests to receive copies of the PSI and other documents related to her case.[3] Her attorney, John Blaylock, sent copies of the Signed Plea Agreement, the Signed Plea Packet Memo, and the Signed Affidavit explaining the sentencing guidelines, along with a Sentencing Chart, which were faxed to Ordonez on March 24, 2003. (Exhibit A). In addition, John Blaylock sent copies of the PSI and Defendant's First Amended Objections to the PSI, on April 28, 2003. (Exhibit B).

The record refutes her contention that she never received any paper work from her attorney. John Blaylock furnished the record with copies of the faxed confirmations with respect to the documents sent to Ordonez[4]. John Blaylock has followed through with Ordonez's requests. Ordonez has failed to establish otherwise.

The record establishes that Ordonez was advised of the facts and information contained in the PSI. John Blaylock visited Ordonez at the Willacy County Regional Detention Facility, where she was being detained, on November 13, 2003; January 8, 2004; and January 9, 2004.[5] These attorney-client visits clearly show that John Blaylock informed Ordonez of the findings contained in the PSI and other documents related to her case.

John Blaylock kept Ordonez fully advised of the progress of her case. Her claim of ineffective assistance of counsel is specious and without merit. Counsel's performance was not deficient[6]. See *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990).

---

[3] See Exhibits A & B.

[4] See Exhibits C, D and E.

[5] See Exhibits C, D and E.

[6] It should also be noted that Ordonez has not established any "prejudice" with regard to her ineffective assistance claim.

## B. ORDONEZ'S SUBSTANTIVE CLAIM

### 1.) *Denial of a Downward Departure Claim*

Ordonez's claim regarding the court's failure to grant a downward departure involves the court's technical application of the Sentencing Guidelines. It is well established that such challenges are not cognizable in a §2255 motion. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132, 121 S.Ct. 894 (2001); *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Cervantes*, 132 F.3d at 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Ordonez was sentenced within the Guideline range and the district court's technical application of the Guidelines does not give rise to a constitutional issue. Accordingly, her claim is meritless.

### 2.) *Blakely v. Washington Claim*

Ordonez argues that her sentence was unconstitutional under *Blakely v. Washington*, —U.S.—, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Fifth Circuit has recently held that *Blakely* does not extend to the federal sentencing guidelines. *United States v. Pineiro*, 377 F.3d 464, 473 (5th Cir. 2004). Ordonez's argument is foreclosed in light of *Pineiro*.

### 3.) *Jurisdictional Claim*

Ordonez lastly challenges the Court's jurisdiction. She argues that the federal government lacks jurisdiction to prosecute her. According to Ordonez, her drug offense was not sufficiently related to interstate commerce so as to give rise to federal subject matter jurisdiction. (Hab. Pet. at 1, ¶ 2). Ordonez fails to cite any controlling authority to support her contention.

The illegal possession and sale of drugs affects interstate commerce, and Congress has

authority under the Commerce Clause to criminalize and punish drug-related activity. *U.S. v. Brown,* 86 Fed. Appx. 749, 758 (5th Cir. 2004); *See, e.g., United States v. Lopez,* 459 F.2d 949, 950-53 (5th Cir. 1972); *United States v. Brown,* 276 F.3d 211, 214-15 (6th Cir. 2002); *United States v. Kallestad,* 236 F.3d 225, 230 n. 29 (5th Cir. 2000). Congress may punish the distribution of drugs under the Commerce Clause. *U.S. v. Lerebours,* 87 F.3d 582 (1st Cir. 1996); *U.S. v. Jackson,* 111 F.3d 101, 102 (11th Cir. 1997); *U.S. v. Hawkins,* 104 F.3d 437 (D.C. Cir. 1997). District courts have original jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. §3231; *See generally Brown,* 276 F.3d at 214. Accordingly, Ordonez's argument is without merit.

## VI. **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the District Court **DENY** Ordonez's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. §2255. It is further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of November, 2004.

John Wm. Black
United States Magistrate Judge