United States District Court
Southern District of Texas
ENTERED

APR 0 6 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| ADELINA ANITA ORDONEZ, | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. B-04-149 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

# ORDER

On November 15, 2004, Magistrate Judge John William Black entered his Report and Recommendation concerning Adelina Anita Ordonez's (hereinafter "Ordonez") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. Magistrate Judge Black advised this court to grant the government's Motion to Dismiss Ordonez's habeas petition. No objections to this Report and Recommendation have been received. This court **ADOPTS** the Report and Recommendation with one addition and one exception, both of which are discussed below. The government's Motion to Dismiss Ordonez's § 2255 habeas petition is hereby **GRANTED**.

This court feels compelled to address two issues—the first being the allegation by Ordonez that her attorney failed to inform her of the findings found in the Presentence Investigation (PSI), and the second being her objection raised for the first time in her habeas petition based upon Blakely v. Washington, --- U.S. ---, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

With regard to the former, the Magistrate Judge detailed many valid reasons why this claim is patently false, but this court feels compelled to add one more. When Ms. Ordonez appeared before the court after she had pleaded guilty, she testified (on February 19, 2004) as follows:

**Court:**     Ms. Ordonez, did you have a chance to go over with Mr. Blaylock

|            | [Ordonez's counsel] the presentence investigation report done by the probation office? |
|------------|---|
| **Defendant:** | Yes Sir. |
| **Court:** | All right Mr. Blaylock, I know we have some objections. Why don't we go ahead and start with those. |

The court eventually took the objections made to the PSI under advisement and had the parties return on the next day (February 20, 2004), at which time it granted them, at least in part. This ruling had the effect of reducing Ordonez's criminal history. Thus, the allegation she is now making is 180° opposite to the sworn testimony she gave in court prior to sentencing. While this court agrees with the analysis made by the magistrate judge, it is important to note that not only do the facts detailed in the Report and Recommendation render Ordonez's complaint invalid, but her own testimony to this court betrays the falseness of her current claim.

Ordonez also complains that the sentence she received violated her constitutional rights under the reasoning laid out in Blakely. Relying on the then prevailing law, the Magistrate Judge overruled her complaint pursuant to the Fifth Circuit case of United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004). This court has delayed its ruling on this Report and Recommendation because it felt the issue would soon be resolved by the United States Supreme Court. The Supreme Court has now ruled and so this court addresses the issue.

The Supreme Court in Booker/Fanfan, --- U.S. ---, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) followed the reasoning in Blakely and held that the mandatory nature of the Sentencing Guidelines rendered court-found enhancements (those not found by a jury or admitted by the defendant) Sixth Amendment violations. However, it did not make its ruling retroactive. The rule applied only to cases on direct appeal. Id. at 769. Since Ordonez did not raise this issue before this court directly,

it can not now be raised collaterally. Id.; see, e.g., United States v. Larry, 2005 U.S. Dist. LEXIS 853 (N.D. Tex. Jan. 19, 2005); United States v. Johnson, 353 F.Supp.2d 656 (E.D. Va. 2005); Gerrish v. United States, 353 F.Supp.2d 95 (D. Me. 2005).

Moreover, even when addressing cases on direct appeal, the Fifth Circuit has held that relief can only be granted to those who satisfy a three-prong test proving: (1) error, (2) that the error is plain, and (3) that it affects substantial rights. United States v. Mares, --- F.3d ---, 2005 WL 503715, at *8 (5th Cir. Mar. 4, 2005)(citing U.S. v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)). In Mares, the Fifth Circuit found that, under the mandatory Sentencing Guidelines, the use of an enhancement based upon findings made by the judge that went beyond the facts admitted or found by the jury was error and, in fact, was plain error—thus satisfying the first two prongs. With regard to the third prong, however, the Court held a defendant must actually show that the error made a difference. Id. at *8–9 (citing United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005)). In other words, the defendant must prove that the sentencing judge—sentencing under an advisory scheme rather than a mandatory one—would have reached a significantly different result. Id. This court can say, without question, in the instant case it would not have reached a different result.

Consequently, even if Booker/Fanfan applied to a collateral attack under 28 U.S.C. § 2255, which this court holds it does not, the court would still deny relief, and hereby does deny relief, because the result would not have been different.

The Report and Recommendation is hereby adopted with the exception of its reliance upon Pineiro, which effectively has been overruled by Booker/Fanfan. The government's Motion to Dismiss [Docket No. 5] is **GRANTED**. Ordonez's § 2255 Habeas Petition [Docket No. 1] is hereby

**DISMISSED with prejudice.**

Signed in Brownsville, Texas this 5th day of April, 2005.

_____
Andrew S. Hanen
United States District Judge